IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANEE SLATON,** | : | CIVIL ACTION |
| *Petitioner*, | : | |
| | : | |
| v. | : | |
| | : | |
| **COURT OF COMMON PLEAS** | : | |
| **PHILADELPHIA COUNTY, et al.,** | : | NO. 23-0501 |
| *Respondents*. | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                              November 9, 2023

## I.    INTRODUCTION

Petitioner Danee Slaton ("Slaton"), proceeding *pro* se, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF Nos. 1, 13. The Government filed a Response on September 1, 2023. ECF No. 19. The Honorable Magistrate Judge Scott W. Reid recommends that the Court deny the petition because Slaton failed to exhaust her state court remedies. ECF No. 22. Slaton filed a Response (ECF No. 23) and Objections (ECF No. 24) to the Report and Recommendation. The Court, after consideration of the Response and Objections, adopts Magistrate Judge Reid's Report and Recommendation in full.

## II.    BACKGROUND

On August 30, 2022, Slaton was arrested for aggravated assault of a victim less than 13 years old and related offenses. ECF No. 19 at 1. On March 8, 2023, Slaton was convicted by a jury in the Court of Common Pleas for Philadelphia County in two cases on two counts of aggravated assault of a victim less than 13 years old; one count of conspiracy to commit assault; two counts of endangering the welfare of a child; and two counts of possessing an instrument of crime. *See Commonwealth v. Slaton*, CP-51-CR-0008423-2021; *Commonwealth v. Slaton*, CP-51-CR-

0008425-2021. On April 28, 2023, Slaton filed a post-verdict motion. ECF No. 19 at 2. On May 2, 2023, Slaton was sentenced to an aggregate term of 15 to 30 years' incarceration. *Id.* On May 10, 2023, Slaton filed a post-sentence motion. *Id.*

Slaton's post-trial motions in both cases were denied on August 31, 2023. *Slaton*, CP-51-CR-0008423-2021, Docket Sheet at 14; *Slaton*, CP-51-CR-0008425-2021, Docket Sheet at 14. Slaton filed notices of appeal to the Pennsylvania Superior Court on September 11, 2023. *Slaton*, CP-51-CR-0008423-2021, *Docket Sheet* at 14; Slaton, CP-51-CR-0008425-2021, *Docket Sheet* at 14. The cases were consolidated on November 1, 2023.

On February 6, 2023, shortly before the commencement of her trial, Slaton filed the present petition for habeas corpus relief. With leave of court, she filed an amended petition on May 23, 2023.[1] Slaton petitions the Court on the following grounds: (1) violation of the First Amendment,[2] (2) violation of the Fourth Amendment,[3] (3) violation of the Fifth Amendment,[4] (4) violation of

---

[1] The Report and Recommendation states that Slaton filed an amended petition on March 8, 2023. However, the docket reflects that the amended petition was filed on May 23, 2023. ECF No. 13. This handwritten amended petition is dated May 12, 2023.

[2] Slaton claims discrimination on the basis of religion regarding the ways in which she was married and raised her family according to Islam. ECF No. 13 ¶ 1.

[3] Slaton claims DHS solicitors and workers, foster parents, courts, and detectives made false reports to homeland security that Slaton was a fugitive from Pennsylvania who was armed and dangerous. ECF No. 13 ¶ 2. The remainder of this allegation reads: "… along with complaint from children which never happen, which was no probable cause because of all slanders and lies led to illegal hearings with no notices to parents ahead of time, which courts cannot have a hearing unless notif[y]ing parents this never happened in our case." *Id.* Slaton further alleges a violation of the Fourth Amendment due to illegal searches and seizures on June 30, 2021 and August 19, 2021. *Id.* ¶ 7.

[4] Slaton claims her due process was violated because she was not a fugitive, there was not a complaint, the warrant was invalid, there were forged documents, and there was tampering with paperwork and evidence. ECF No. 13 ¶ 3.

the Sixth Amendment,[5] (5) violation of the Eighth Amendment,[6] (6) violation of the Fourteenth Amendment,[7] (7) illegal cases on criminal dockets,[8] (8) medical reports that disprove any harm to the children,[9] (9) subjected to cruelty, injustice, targeting, and corruption throughout the court system, and (10) abuse of authority by the court system.[10]

The Government in its Response argues that Slaton's petition should be dismissed without prejudice because she has not exhausted her claims in state court. ECF No. 19. Slaton filed a Reply[11] to the Government's Response in which argues, in a conclusory manner, that she has exhausted all of her remedies. ECF No. 23 at 1. The remainder of the Reply details Slaton's

---

[5] Slaton claims her Sixth Amendment right was violated because she did not have a trial within 180 days. She also claims ineffective counsel and/or counsel abandonment because her attorney failed to keep in contact and provide updates on the case, failed to file bail reduction motions that she requested, and failed to file motions to suppress evidence and witnesses. ECF No. 13 ¶ 4.

[6] Slaton claims that, "due to slander of being a fugitive," her bail was set at an extreme amount which constitutes cruel and unusual punishment. ECF No. 13 ¶ 5. The remainder of this allegation reads: "Along with guards in prison that are friends with foster parent (Gail Quatterbum) who was once a correctional officer on State Road and (Gail Quatterbum) daughter is currently a correctional officer on State Road DHS worker are comrades as well they retaliate and harass us." *Id.*

[7] Slaton's claim under the Fourteenth Amended reads: "Violation of fourteenth Amendment Jurisdiction came to New Jersey with Pennsylvania false reports, warrant to arrest illegally back to Pennsylvania falsely imprisoned and children are suffering in DHS." ECF No. 13 ¶ 6.

[8] Slaton argues that the criminal docket dated October 7, 2019, which pertains to her son Idris Daniels is "illegal" because there are no reports of an incident in DHS listings discovery. ECF No. 13 ¶ 8. Slaton also argues that the criminal docket dated June 25, 2021, which pertains to her daughter Shakyra Strong "is not true" because Shakyra stopped visiting Slaton in May 2020. *Id.*

[9] Slaton claims that there are medical reports of the children from August 2019 when they were removed by DHS. ECF No. 13 ¶ 9. The medical reports state that the children did not appear to have been physically or sexually abused. *Id.* Slaton argues that any bruising, scaring, cuts, gashes, broken bones, objects in ears, etc. happened while they were in the care of DHS. *Id.*

[10] Slaton claims that certain judges have made biased rulings and have covered up each other's lies, which has resulted in violations of rights and the incrimination of Slaton and her husband. ECF No. 13 ¶ 11.

[11] This document was docketed on October 3, 2023, but the document itself is dated both September 20, 2023 and September 22, 2023.

already-alleged claims of constitutional violations—namely, an illegal arrest warrant. Slaton puts forth these same arguments in her Objection to the Report and Recommendation without addressing whether she has exhausted her remedies. ECF No. 24.

### III. STANDARD OF REVIEW

A federal court's power to grant habeas relief is limited. A federal court cannot grant a petition for a writ of habeas corpus unless the petitioner has exhausted the remedies available in state court. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C. § 2254(b)(1)(A)). To exhaust their remedies, a petitioner must have fairly presented the same claim to the state court and pursued that claim through one complete round of the state's established appellate review process. *See Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (citation omitted). If a petitioner failed to exhaust their state remedies and would now be procedurally barred from presenting their claims in state court, those claims are procedurally defaulted for purposes of federal habeas relief. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

A petitioner may overcome procedural default by demonstrating either (1) good cause for the default and actual prejudice as a result of the violation of federal law or (2) that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

### IV. DISCUSSION

Slaton filed this petition under 28 U.S.C. § 2241, a statute that applies to state prisoners who have not yet been convicted. Since the filing of the petition at issue, Slaton has been convicted and sentenced. Both 28 U.S.C. § 2241 and 28 U.S.C. § 2254 (the statute governing convicted prisoners seeking relief from state court judgment) require that a petitioner first exhaust their state court remedies before a federal court may consider their habeas petition. *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975). The Court should "strictly adhere[]" to the exhaustion rule "because

it expresses respect for our dual judicial system . . ." *Caswell v. Ryan*, 953 F.2d 853, 857 (3d Cir. 1992) (quoting *Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990)); *see also Burkett v. Love*, 89 F.3d 135, 138 (3d Cir. 1996) ("Pursuing state remedies is not a mere formality, but serves the interests of comity between the state and federal courts.").

"[S]o long as there are ongoing state court proceedings attacking the particular conviction which is also being attacked in the federal habeas proceedings, the exhaustion requirement has not been satisfied." *See Sledge v. Att'y Gen. of Pa.*, No. 13-1075, 2013 WL 4786234, at *4 n.6 (W.D. Pa. Sept. 6, 2013) (citing *K.A.E. v. Wanta*, No. 10-CV-1033, 2010 WL 5126391, at *1 (E.D. Wis. Nov. 26, 2010) ("When state court proceedings are pending, the exhaustion requirement is generally considered unsatisfied."); *Tran v. Barrow*, 210 F. App'x 538, 539–40 (7th Cir. 2006) (affirming dismissal for failure to exhaust where petitioner was in detention pending trial and state court had not ruled on a motion to dismiss)). The Third Circuit has found that "extraordinary circumstance[s]" in the form of "delay, harassment, bad faith or other intentional activity" may justify pre-exhaustion federal habeas relief. *Moore*, 515 F.2d at 447 n.12.

Here, the Court cannot grant a petition for habeas relief arising from Slaton's incarceration under a state court judgment because she has not first exhausted her available state court remedies. *Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010) (citing 28 U.S.C. § 2254(b)); *see also Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) ("It is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus . . . unless the petitioner has first exhausted the remedies available in the state courts."); *Day v. Mahally*, 230 F. Supp. 3d 420, 424 (E.D. Pa. 2017) ("In order to raise a federal habeas claim, a petitioner must first exhaust all available state-law remedies."). Slaton filed notices of appeal to the Pennsylvania Superior Court on September 11, 2023. *Slaton*, CP-51-CR-0008423-2021, *Docket Sheet* at 14; Slaton, CP-51-CR-0008425-

2021, *Docket Sheet* at 14. Because these appeals are pending, state court review and remedies are still available to Slaton and the Court cannot find that Slaton has exhausted her claims in state court. *See Banks v. Horn*, 126 F.3d 206, 213–14 (3d Cir. 1997) (explaining that in the event the federal court determines there exists a possibility of state court review, the petition should be dismissed without prejudice); *Coady v. Vaughn*, 251 F.3d 480, 489 (3d Cir. 2001) ("[I]n cases where there is any doubt about the availability of a state remedy, the claim must be dismissed.")

Moreover, Slaton has not carried her burden of proving exhaustion of her claims. *See Parker v. Kelchner*, 429 F.3d 58, 62 (3d Cir. 2005) ("The habeas petitioner carries the burden of proving exhaustion of all available state remedies.") (citation omitted). In her Reply to the Government's Response, Slaton states in a conclusory manner that she has exhausted all of her remedies. ECF No. 24 at 1.

Though Slaton has arguably raised claims of extraordinary circumstances by alleging corrupt collusion between DHS child protective services and the courts, the Court agrees with Magistrate Judge Reid that Slaton would benefit from exhausting her state remedies before taking advantage of the sole habeas corpus petition she may file without obtaining prior leave of the Court of Appeals for the Third Circuit. If the Court were to consider Slaton's petition, filed before Slaton was convicted, Slaton would have no option for federal review of her actual conviction. *See* 28 U.S.C. § 2244(b)(3) (requiring that the court of appeals authorize any second or successive habeas petition).

Therefore, the Court will dismiss Slaton's petition (ECF No. 1) without prejudice as unexhausted. Slaton's right to file a new petition at the conclusion of ongoing state proceedings will be preserved. *Christy v. Horn*, 115 F.3d 201, 208 (3d Cir. 1997) ("We hold that when a prior petition has been dismissed without prejudice for failure to exhaust state remedies, no such

6

authorization [from the court] is necessary and the petitioner may file [her] petition in the district court as if it were the first such filing.").

V.      CONCLUSION

Because Slaton has failed to exhaust her state court remedies, Slaton's petition shall be dismissed without prejudice. Magistrate Judge Reid's reasoned Report and Recommendation is adopted. An appropriate Order follows.

BY THE COURT:

/s/ Chad F. Kenney

_____
**CHAD F. KENNEY, JUDGE**